FILED
FEB 27 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. ) No.<br>)<br>TYLER POPE, )<br>)<br>Defendant. ) | **4:20CR00149 RWS/NAB** |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending trial, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1. The defendant is charged with offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), conspiracy to distribute a controlled substance resulting in death and serious physical injury, and distribution of a controlled substance near a school resulting in serious physical injury.

2. Both of the offenses with which the defendant is charged trigger a rebuttable presumption of detention pursuant to Title 18, United States Code, Section 3142(e)(3)(A). There

are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.

## The Nature and Circumstances of the Offense

3. Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense is a controlled substance offense. The defendant is charged with conspiracy to distribute fentanyl which distribution resulted in the overdose death of one individual and the overdose causing serious physical injury to another individual. Additionally, the defendant is charged with distributing fentanyl to S.J. at the Washington Public Library which was located less than five hundred feet from the real property of the Immanual Lutheran Church and School, a school that serves students from preschool to eighth grade. As a result, the first of the § 3142(g) factors weighs in favor of detention.

4. After the defendant distributed fentanyl to S.J. and was aware that she was overdosing, the defendant left the library. In spite of the fact that the defendant knew that S.J. had overdosed, he did nothing to check on the wellbeing of B.S. who received doses of fentanyl shortly after S.J. did. S.J. was barely clinging to life when paramedics arrived and Narcan had to be administered to revive her. She was transported to the hospital.

5. B.S. went into the bathroom of a fast food restaurant where he used the fentanyl and died of acute fentanyl intoxication. His body was not discovered until approximately an hour or more after his death.

6. After the overdoses of S.J. and B.S., the defendant sent a series of text messages to an undercover officer posing as a co-conspirator discussing plans to leave town. However, while

planning his escape, the defendant indicated that he was going to sell more narcotics before leaving.

### The Weight of the Evidence Against the Defendant

7.      Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The government submits that the evidence against the defendant is strong. The distribution of fentanyl to S.J. shortly before her overdose is captured on a surveillance camera outside the library. Additionally, the defendant is observed leaving the library in a hurry after it became apparent that S.J. was overdosing.

8.      There are numerous text messages between B.S., the deceased, and the defendant in the hours leading up to B.S.'s death. In fact, the defendant at one point sent a text to B.S. warning him that the narcotics were so good that he would die if he took too much.

### The History and Characteristics of the Defendant

9.      The defendant has a significant criminal history which is as follows:

   a.   June 5, 2014; Minor visibly intoxicated; $200 fine (offense date 9/10/2012);

   b.   June 5, 2014; Unlawful Use of Drug Paraphernalia (M); 30 day suspended execution of sentence with a two year term of probation (offense date 10/25/2013);

   c.   June 4, 2014; Unlawful Use of Drug Paraphernalia (M), Minor Visibly Intoxicated; 30 day suspended execution of sentence with a two year term of probation (offense date 11/27/2013);

   d.   July 28, 2015; Stealing Felony; suspended imposition of sentence revoked on July 28, 2015, sentenced to five years imprisonment; Unlawful Use of Drug Paraphernalia, fine (offense date 9/17/2014);

   e.   September 15, 2016, Possession of a Controlled Substance Felony; two years imprisonment (offense date 9/11/2015);

   f.   September 15, 2016, Stealing Felony; two years imprisonment (offense date 5/26/2016);

   g. June 4, 2019; Possession of a Controlled Substance; five years imprisonment (offense date 5/11/2017);

   h. June 4, 2019; Stealing Felony; four years imprisonment (offense date 12/13/2018);

   i. June 4, 2019; Burglary 2nd Degree, Stealing Felony; five years imprisonment (offense date 1/7/2019);

   j. June 4, 2019; Stealing Felony; five years imprisonment (offense date 1/8/19).

10. This Court should consider the defendant's past conduct, including his history relating to drug or alcohol abuse, and criminal history. *See* 18 U.S.C. § 3142(g)(2)(A).

11. Additionally, this court should consider the defendant's record of appearance at court proceedings. There have been several occasions that the defendant has missed scheduled court appearances and warrants were issued for his arrest. *See* 18 U.S.C. § 3142(g)(2)(A).

12. Furthermore, at the time the defendant committed the instant offense, he was on parole. *See* 18 U.S.C. § 3142(g)(2)(B).

**The Nature and Seriousness of the Danger to the Community**

13. The defendant's participation in a conspiracy to distribute fentanyl and the distribution of fentanyl caused the death of at least one person and the serious physical injury of another person. Additionally, the defendant has a long history of stealing, and a prior conviction for burglary. The safety of the community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

**Risk of Flight**

14. After learning that S.J. and B.S. had overdosed, the defendant sent text messages to a co-conspirator's phone about fleeing. The defendant texted "Bro..I don't understand what is

going on. We were supposed to leave hours ago and youve just been ignoring me" …. "like seriously the 5_0 could show up any second we need to hit the road."

15. There is a serious risk that the defendant will flee because he is facing a significant prison sentence in this case. If convicted on Count II of the indictment, the mandatory minimum sentence is forty years imprisonment.

16. The defendant has a history of non-appearance in court.

## Conclusion

17. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community.

Respectfully submitted,
JEFFREY B. JENSEN
United States Attorney

/s/ Jeannette S. Graviss
JEANNETTE S. GRAVISS #44483MO
Assistant United States Attorney